UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

MELISSA K. TOWNSEND,

      Plaintiff,

      v.

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security Administration,

      Defendant.

Case No. 3:15-CV-287 JVB

**OPINION AND ORDER**

Plaintiff Melissa K. Townsend seeks judicial review of the Social Security Administration's decision denying her disability insurance benefits and supplemental security income. She asks the Court to reverse the Administration or to remand the case. The Court will order a remand.

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court must ensure that the ALJ has built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012).

The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

The ALJ's opinion would have been reasonable had he not overlooked the evidence from Plaintiff's rheumatologist. The ALJ found that Plaintiff had some mild mental limitations; that she suffered from arthritis, fibromyalgia, and joint pain, among other things; and that she had some enduring side effects from treatment for breast cancer that was now in remission. He also acknowledged that Plaintiff had issues with carpal tunnel but attributed no limitations on her use of her hands. In all, the ALJ found that none of these medical conditions, individually or in combination, rose to the level of disability because Plaintiff could work some jobs existing in significant numbers in the national economy, even though she could not do her old job as a food tester.

However, the ALJ's erred by overlooking evidence from Plaintiff's rheumatologist in November 2012 suggesting that her carpal tunnel condition may have become more serious than it had been before 2012 and that this condition may have been consistent with Plaintiff's testimony that she had difficulty grasping and manipulating small objects with her fingers for more than two hours out of an 8-hour workday.[1] Dr. Mozzem, a rheumatologist and Plaintiff's treating physician, examined her in November 2012 regarding her complaints associated with carpal tunnel, finding 18 out of 18 positive tender points, positive tinel's sign in the wrist, and synovitis in the left wrist. Yet, neither the ALJ nor Dr. Farber, who testified at the hearing as an expert and upon whom the ALJ heavily relied, considered Dr. Mozzem's diagnosis in

---

[1] If true, Plaintiff may not be able to perform the jobs identified by the ALJ---Charge Account Clerk, Food and Beverage Order Clerk, and Tube Operator----because each of those jobs require good use of both hands and fingers.

conjunction with all the other evidence. Instead, the ALJ and Dr. Farber relied on the pre-2012 evidence that showed no limitations to Plaintiff's ability to manipulate her hands. Moreover, the ALJ mistakenly relied upon Dr. Farber who thought there was no follow up to Plaintiff's complaints associated with carpal tunnel. Thus, without Dr. Mozzem's diagnosis, Plaintiff's subjective complaints of her hand and finger limitations were discounted as not credible.

Because the ALJ overlook relevant medical evidence, *see Myles v.* Astrue, 582 F.3d 672, 676 (7th Cir. 2009), upon remand, the Administration should consider Dr. Mozzem's diagnosis and determine if it has any effect on the final determination as to whether Plaintiff is able to perform jobs in the national economy.

The Clerk is ordered to remand this case.

SO ORDERED on September 29, 2016.

    S/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE